UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:10-CV-00081

ANTHONY BISHOP,                                                                                   PLAINTIFF,

v.          **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,                                                                                 DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiff brings forth an Application for Fees and Expenses pursuant to the Equal Access to Justice Act (hereinafter referred to as "EAJA"), 28 U.S.C. 2412(d).  This court being fully briefed and otherwise sufficiently informed, the plaintiff's application will be granted in the amount of $2635.00 in fees and $415.00 in costs.

## ANALYSIS

Pursuant to judgment entered August 25, 2011, the Commissioner's non-disability decision was reversed and remanded for additional administrative proceedings.  The Equal Access to Justice Act provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C § 2412 (d)(1)(A).

A claimant whose request for social security benefits is denied after an administrative hearing

may appeal this decision to the district court, pursuant to 42 U.S.C. § 405(g). The fourth sentence of § 405(g) gives the district court the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," known as a "sentence-four remand." Shalala v. Schaefer, 509 U.S. 292, 304 (1993)(Stevens, J., dissenting). On a sentence-four remand, the administrative law judge retains the discretion to grant or deny a benefits award. Id. at 297.

The Sixth Circuit recently held that "A sentence-four remand makes the plaintiff a "prevailing party" under the EAJA" which entitles the plaintiff to "fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party." Turner v. Comm'r of Soc. Sec., 680 F.3d 721 (6th Cir. 2012). In addition, fees are awarded in excess of the benefits due, as opposed to being deducted from the claimant's benefits award. Id. at 723.

## CONCLUSION

The Commissioner's non-disability decision being reversed and remanded makes the claimant a "prevailing party" and is entitled to fees and costs incurred. For the reasons discussed IT IS HEREBY RECOMMENDED the plaintiff's Application for Fees and Expenses pursuant to the Equal Access to Justice Act is GRANTED in the amount of $2,635.00 in fees and $415.00 in costs.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F.Supp.2d 737, 749-750 (E.D.Ky. 2002). General objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004);

Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

      Signed July 3, 2012.

